Erin Darling, State Bar No. 259724
Erin@ErinDarlingLaw.com
LAW OFFICES OF ERIN DARLING
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Tasha Hill, State Bar No. 301865
Tasha@hillcivilrights.com
THE HILL LAW FIRM
5132 York Blvd., #50681
Los Angeles, CA 90032
Tel. (424) 282-3836

Attorneys for Plaintiff CAMILO PINEDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILO PINEDA,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICER MANZANO (#19595) and DOES 1 TO 10,<br><br>     Defendants. | Case No. 2:21-cv-08839<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  This case challenges the abuse of discretion, excessive force, and negligent acts that deprived the Plaintiff, Camilo Pineda, of their federal and state rights. Without probable cause or reasonable suspicion to believe that Pineda was a danger to the public or any officer, Officer Manzano and DOES 1 through 10 inclusive assaulted, falsely detained, and falsely arrested Pineda. Plaintiff Camilo Pineda complains of Officer Manzano (#19595) and DOES 1 through 10 inclusive, as follows:

## JURISDICTION AND VENUE

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334 and arises under 42 U.S.C. §§ 1983 and 1988. Venue is proper in this Court because the

unlawful acts and practices alleged herein occurred in Glendale, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all relevant times herein, Plaintiff was and is a resident of the State of California in the County of Los Angeles.

4. Defendant Officer Manzano (#19595) is, and at all times in this complaint was, an individual employed by the California Highway Patrol (CHP) and/or its subsidiaries, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, CHP.

5. At all relevant times mentioned herein and material hereto, the Defendant Doe Officers described below engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents, and representatives of the CHP, duly employed as officers by the CHP, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

6. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a Doe are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of Does 1 through 10, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

2

**FACTS COMMON TO ALL COUNTS**

8. On November 25, 2020, Plaintiff was waiting in line at the Glendale DMV.

9. While waiting in line for several hours at the Glendale DMV, Plaintiff felt harassed by comments made by another person waiting in the line. Plaintiff complained to a DMV employee and was informed that DMV employees were not allowed to intervene, but a law enforcement officer could. Plaintiff demurred and requested that an officer not be called. Plaintiff then went back in line and continued to wait without incident.

10. Despite no actual continued argument, despite being the one to complain about mistreatment, and despite explicitly denying a request for an officer to get involved, CHP Officer Manzano arrived at the DMV queue and requested that Plaintiff step out of the line in order to speak with him. Officer Manzano did not make this request of the individual who had been harassing Plaintiff. Plaintiff told Officer Manzano that they did not want to leave the line and did not want to speak to the officer. Officer Manzano persisted and ordered Plaintiff out of the line, and Plaintiff repeatedly stated words to the effect, "I do not have to talk to you." Officer Manzano then told Plaintiff that if they did not step out of the line then he would arrest Plaintiff.

11. Plaintiff again stated that they did not have to talk to the officer, that they had done nothing wrong, and that they had the right to remain in the DMV line. Officer Manzano had no probable cause to believe that Plaintiff had committed any crime but nevertheless handcuffed Plaintiff. Officer Manzano called for backup and approximately seven other officers, Does 1 through 7 arrived at the DMV.

12. Defendants Officer Manzano and Does 1 through 7 (collectively also referred to as "defendants" or "defendant officers") proceeded to brutalize Plaintiff for refusing to talk to Officer Manzano. Defendants Officer Manzano and Does 1 through 7 beat Plaintiff with their arms and shoved Plaintiff in the back of a CHP squad car and drove about four blocks away from the DMV and then parked. Plaintiff remained

3

handcuffed in the back of the CHP squad car and due to the torque from the handcuffs leaned forward to relieve the pressure. Defendants repeatedly struck Plaintiff in the chest to force Plaintiff to lean back.

13. Defendants drove Plaintiff several bloks then parked. For over two hours during a hot day defendants held Plaintiff in the back of a CHP squad car, refusing to give Plaintiff water or the opportunity to use a bathroom.

14. Defendants threatened to send Plaintiff to jail for the night, and when Plaintiff asked defendants for their badge numbers (since they were not visible), each of the defendants refused. Plaintiff only learned Officer Manzano's badge number from a citation that was subsequently sent in the mail.

15. After over two hours in the back of the CHP squad car, Doe 8, a CHP sergeant, arrived and then ordered that Plaintiff be released, but not before Plaintiff was cited for resisting arrest.

16. This CHP sergeant, Doe 8, erroneously told Plaintiff that the DMV did not want Plaintiff at the Glendale DMV and would have to leave. This turned out not to be true: once released from CHP custody, Plaintiff returned to the Glendale DMV and was able to receive assistance from DMV employees without problem or incident.

17. Despite being charged with resisting arrest, the Los Angeles County District Attorney declined to prosecute Plaintiff.

18. As a result of the November 25, 2020, incident, Plaintiff suffered physical injuries to wrists, chest, arms and shoulders, as well as experiencing deep psychological and emotional trauma.

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE – 42 U.S.C. § 1983
**(Against Defendants Manzano and Does 1 through 10, inclusive)**

19. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth

4

herein.

20. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

21. As a result of the above-described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

    a. Defendant Manzano grabbed Plaintiff, handcuffed Plaintiff and wrongfully used force on Plaintiff until more officers arrived.

    b. Defendant Manzano and Does 1 through 10 hit, pushed, shoved, and struck Plaintiff after Plaintiff was already handcuffed, both before and after Plaintiff was forced into the back of a CHP squad car. Defendant Officers continued to strike Plaintiff after hearing complaints that Plaintiff was recovering from chest surgery.

22. At no point did Plaintiff pose a reasonable threat of violence or danger to the Defendant Officers or to any other individual. Plaintiff made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officer that Plaintiff had the will or ability to inflict substantial bodily harm against any individual.

23. Additionally, at no point during the incident did Plaintiff show any sign of physically threatening the Defendant Officers.

24. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Plaintiff sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

25. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore

warrants the imposition of exemplary and punitive damages.

26. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

27. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs and attorneys' fees under this claim.

## SECOND CAUSE OF ACTION

## UNLAWFUL DETENTION – 42 U.S.C. § 1983

**(Against Defendants Manzano and Does 1 through 10, inclusive)**

28. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

29. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

30. As a result of the above described intentional acts and omissions of the Defendant Officers (Manzano and Does 1-10), collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

   a. Defendant Manzano unlawfully stopped and detained Plaintiff after Plaintiff refused to get out of line and speak with Manzano.

   b. Defendant Manzano other Defendant Officers forced Plaintiff into a CHP squad car and held Plaintiff inside without a warrant, reasonable suspicion, or probable cause to believe Plaintiff committed, was committing or would commit a crime, and as a result Plaintiff was detained, arrested and wrongfully cited for committing a crime.

31. The conduct of the Defendant Officers was willful, wanton, malicious and

6

done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

32. As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful detention and arrest, or because they failed to intervene to prevent these violations.

33. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this claim.

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in her favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988;
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

DATED: November 2, 2021

LAW OFFICES OF ERIN DARLING

By: /s/ Erin Darling
Erin Darling
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby respectfully demands a trial by jury on all issues and claims.

DATED: November 2, 2021

LAW OFFICES OF ERIN DARLING

By: /s/ Erin Darling
Erin Darling
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28